77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George CLAY; Bill Cagle; Leonard Stickler; Anthony
Adkins; Curtis Etheridge; Gail Cagle,
Plaintiffs-Appellants,
Alfred J. Morris, Plaintiff,
v.
MICHIGAN MINORITY UNLOADERS, INC., a Michigan corporation;
Teamsters Local 299, International Brotherhood of
Teamsters, Defendants-Appellees.
 No. 95-1597.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The above employees of the defendant Michigan Minority Unloaders, Inc. (Employer) appeal through counsel the summary judgment entered by the district court in this hybrid action for breach of a collective bargaining agreement and breach of the duty of fair representation, under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, the plaintiffs filed this action against the Employer and their local Teamsters union (Union), alleging that a settlement of an unfair labor practice charge filed by other employees with the National Labor Relations Board (NLRB) amounted to a breach of the collective bargaining agreement and was the result of a breach of the Union's duty of fair representation. The Union moved to dismiss or for summary judgment, arguing that this action was preempted by the exclusive jurisdiction of the NLRB, or alternatively, that no breach of the duty of fair representation had occurred. Plaintiffs filed a response to the motion and oral argument was heard. The district court entered summary judgment for the Union, finding that no evidence in support of the claimed breach of the duty of fair representation had been presented. This appeal followed.
 
 
 3
 The Union argues on appeal that the summary judgment can be affirmed because this action was preempted by the exclusive jurisdiction of the NLRB. However, § 301 actions are specifically excepted from the rule of preemption by the NLRB. See Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 189 n. 14 (1978). Instead, district courts and the NLRB have concurrent jurisdiction over matters that are both unfair labor practices and breaches of a collective bargaining agreement. See International Bhd. of Boilermakers, Local 1603 v. Transue & Williams Corp., 879 F.2d 1388, 1395 (6th Cir.1989).
 
 
 4
 However, upon careful consideration, we conclude that the summary judgment for defendants must be affirmed for the reasons stated by the district court. The record shows that plaintiffs did not present a genuine issue of material fact as to whether the Union's actions in this case were arbitrary or irrational. See Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 78 (1991).
 
 
 5
 Accordingly, the district court's judgment is affirmed.